



FILED

SEP 16 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| In re | )    Case No. 09-48497-E-13C |
| | ) |
| GARY DOUGLAS DUERNER and | ) |
| JUDY KAYE DUERNER, | ) |
| | ) |
|        Debtors. | ) |
| ———————————————— | ) |
| | ) |
| GARY DOUGLAS DUERNER and | )    Adv. Pro. No. 10-2056-E |
| JUDY KAYE DUERNER, | )    Docket Control No. PD-1 |
| | ) |
|        Plaintiffs, | ) |
| v. | ) |
| | ) |
| BANK OF AMERICA, N.A. and | ) |
| U.S. BANK, N.A. | ) |
| | ) |
|        Defendants. | ) |
| ———————————————— | ) |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM OPINION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Motion for Summary Judgment filed by Defendants U.S. Bank, National Association, as Trustee of the Banc of America Funding 2007-C Trust ("U.S. Bank, N.A.") and Bank of America, N.A. was properly noticed and set for hearing pursuant to Local Bankruptcy Rule 9014-1(f)(1).  Opposition was filed by Gary Duerner and Judy

Duerner ("Plaintiff-Debtors") and oral argument presented to the court.

The Plaintiff-Debtors, appearing in *pro se*, filed their First Amended Complaint ("FAC") on August 5, 2010. After discovery was concluded and several hearings, U.S. Bank, N.A. and Bank of America, N.A. filed this motion for summary judgment. Upon review of the motion, supporting pleadings, opposition, and determining that there are no material issues of fact in dispute, the court grants the motion for summary judgment.

## REQUEST FOR SUMMARY JUDGMENT

U.S. Bank, N.A. and Bank of America, N.A. seek summary judgment in this adversary proceeding pursuant to Federal Rule of Civil Procedure 56 *incorporated by* Federal Rule of Bankruptcy Procedure 7056. U.S. Bank, N.A. and Bank of America, N.A. argue that the Plaintiff-Debtors':

1.  Claim of quiet title fails because they never claim ability to tender pursuant to California Civil Code 760.00;

2.  Claim of quiet title fails since Plaintiff-Debtors have not presented evidence to refute Defendants' authority to enforce the notes and deeds of trust pursuant to California Commercial Code 3301;

3.  Claim of quiet title fails since Plaintiff-Debtors have not provided any evidence to dispute Plaintiff-Debtors' lack of standing to challenge ownership interests in the loans as they were not parties to the purchase transaction between the named defendants; and

4.  Plaintiff-Debtors' rescission claim is moot as Defendants

1                rescinded the notice of Default after the commencement of

2                the adversary proceeding.

3     U.S. Bank, N.A. and Bank of America, N.A. request that the

4 court take judicial notice of seventeen documents offered with

5 their motion for summary judgment:

6       A.    PACER docket for Plaintiff-Debtors' bankruptcy case filed

7               under Chapter 13 of the Bankruptcy Code on December 30,

8               2009.

9       B.    Plaintiff-Debtors' Chapter 13 Plan filed on January 12,

10             2010.

11       C.    Proof of Claim on behalf of Bank of America, N.A. with

12             respect to the Buckskin Property on January 26, 2010

13             ("Claim No. 1").

14       D.    Proof of Claim filed on behalf of Bank of America, N.A.

15             with respect to the Island Property on February 5, 2010

16             ("Claim No. 2").

17       E.    Objections to Claim No. 1 and Claim No. 2 filed by

18             Plaintiff-Debtors on June, 1, 2010.

19       F.    Orders sustaining Plaintiff-Debtors' objections to Claim

20             1 and Claim 2 entered by the court on July 30, 2010.

21       G.    Proof of Claim filed on behalf of U.S. Bank, N.A. as

22             Trustee of the Banc of America Funding 2007-C with

23             respect to the Buckskin Loan on June 17, 2010 ("Claim

24             No. 4").

25       H.    Proof of Claim filed on behalf of U.S. Bank, N.A. as

26             Trustee of the Banc of America Funding 2007-C with

27             respect to the Island loan on June 17, 2010 ("Claim

28             No. 5").

I.   Objection to Claim No. 4 filed by Plaintiff-Debtors on August 9, 2010.

J.   Objection to Claim No. 5 filed by Plaintiff-Debtors on August 9, 2010.

K.   Civil Minute Orders overruling Plaintiff-Debtors' Objections to Claim No. 4 and Claim No. 5 issued by the court on August 20, 2010.

L.   Plaintiff-Debtors' Fourth Amended Chapter 13 Plan filed on October 5, 2010.

M.   Subpoena Duces Tecum served on U.S. Bank.

N.   U.S. Bank's response to Plaintiff-Debtors' subpoena.

O.   PACER docket for Plaintiff-Debtors' Adversary Proceeding.

P.   Notice of rescission of Declaration of Default and Demand for sale and of notice of Breach and Election to Cause Sale recorded in the official records of Placer County.

Q.   Amended schedules I and J.

While most of the documents offered provide evidence of having been filed with the court or recorded by the relevant county recorder, the document labeled Exhibit P, *see* Dckt. 128, does not bear evidence from the county recorder that the document was recorded. Rather, First American Title Insurance Company certifies that the document is "a copy of the document recorded 11/12/2010 as instrument No. 2010-0093401-00 In Book____ Page____ Official Records of Placer."

Where certain indisputable facts are so within the common and general knowledge of the community, or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, the judicial notice doctrine serves as a

4

substitute for formal proof. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resorting to sources whose accuracy cannot be reasonably be questioned. Fed. R. Evid. 201(b). Even where a fact may not be of common knowledge, so long as the fact is capable of immediate and accurate determination from a credible source, a court may take judicial notice. *Id.* at 201(b)(2).

No formula exists for determining the appropriate use of judicial notice under Federal Rule of Evidence 201(b)(2). *See* 2 MCCORMICK ON EVID. 11 § 330 (6th ed.). Frequently, courts utilize judicial notice with regard to information contained in public records. *Mack v. S. Bay Beer Distrib.*, 798 F. 2d 1279, 1282 (9th Cir. 1986), *abrogated in part on other grounds by Astoria Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

The document labeled Exhibit P does not show that it was recorded with the relevant county recorder. Therefore, there is no evidence that the document is contained in public records. The court will take judicial notice of Exhibits A-O and Q in Docket No. 128. The request for judicial notice of Exhibit P is denied.

## STATEMENT OF UNDISPUTED FACTS

By this motion the Defendants U.S. Bank, N.A. as Trustee of Banc of America Funding 2007-C Trust and Bank of America N.A. seek summary judgment against Plaintiff-Debtors Gary Duerner and Judy Duerner. The Statement of Undisputed Facts in this case, Docket Entry No. 86, sets forth the following:

1.    On or about July 15, 2005, Plaintiff-Debtors executed the

1    Buckskin Note in the principal sum of $498,000.00, which
2    was made payable to Wells Fargo.   D e c l .   o f   P a u l a
3    Pridemore ¶ 4; Ex. A, Dckt. 129.

4  2.  The Buckskin Note is indorsed and payable to U.S. Bank,
5      N.A. as trustee for holders of Banc of America Funding
6      Corporation Mortgage Pass-Through Certificates, Series
7      2007-C ("Trust").  Decl. of Paula Pridemore ¶ 5; Ex. A,
8      Dckt. 129.

9  3.  On or about July 15, 2005, as security for the Buckskin
10     Note, Plaintiff-Debtors made, executed, and delivered to
11     Wells Fargo a Deed of Trust granting Wells Fargo a
12     security interest in real property commonly described as
13     3527 Buckskin Court, Rocklin, California.  Decl. of Paula
14     Pridemore ¶ 6; Ex. B, Dckt. 129.

15 4.  The Deed of Trust was recorded on July 26, 2005 in the
16     Official Records of Placer County, State of California.
17     Decl. of Paula Pridemore ¶ 6; Ex. B, Dckt. 129.

18 5.  On or about July 27, 2005, Plaintiff-Debtors executed the
19     Island Note, which was made payable to Wells Fargo. Decl.
20     of Paula Pridemore ¶ 7; Ex. C, Dckt. 129.

21 6.  The Island Note is indorsed and payable to U.S. Bank as
22     trustee for holders of the Trust.  Decl.  of  Paula
23     Pridemore ¶ 8; Ex. C, Dckt. 129.

24 7.  On or about July 27, 2005, as security for the Island
25     Note, Plaintiff-Debtors executed a Deed of Trust granting
26     Wells Fargo a security interest in certain real property
27     commonly described as 900 Island Drive #106, Unit 106,
28     Rancho Mirage, California. Decl. of Paula Pridemore ¶ 9;

Ex. D, Dckt. 129.

8.   On or about May 1, 2006, Wells Fargo and Bank of America, N.A. entered into a Second Amended and Restated Master Mortgage Loan Purchase Agreement ("Purchase Agreement") whereby Bank of America agreed to purchase, from time to time, certain residential mortgage loans from Wells Fargo. Decl. of Paula Pridemore ¶ 10; Ex. E, Dckt. 129.

9.   Concurrently with the execution and delivery of the Purchase Agreement, Wells Fargo and Bank of America entered into a Second Amended and Restated Master Seller's Warranties and Servicing Agreement ("Warranties and Servicing Agreement") which prescribes the manner of purchase of the Mortgage Loans from Wells Fargo and the conveyance, servicing, and control of the Mortgage Loans. Decl. of Paula Pridemore ¶ 11; Ex. F, Dckt. 129.

10.  Pursuant to the Warranties and Servicing Agreement, Bank of America agree to purchase the Mortgage Loans from Wells Fargo on various dates pursuant to separate assignment and conveyance agreements to be executed in conjunction with each sale. Decl. of Paula Pridemore ¶ 12; Ex. F, Dckt. 129.

11.  On or about May 25, 2006, Wells Fargo and Bank of America entered into an Assignment and Conveyance Agreement ("ACA") whereby Wells Fargo sold various loans to Bank of America, including the Buckskin Loan. Decl. of Paula Pridemore ¶ 13; Ex. G, Dckt. 129.

12.  The ACA includes a schedule of the loans sold pursuant to the agreement, which identifies the Buckskin Loan

1          (identified as loan number ******8877) and Island Loan

2          (identified as loan number ******9569). Decl. of Paula

3          Pridemore ¶ 14; Ex. G, Dckt. 129.

4   13.    On or about April 30, 2007, the Trust was formed through

5          a pooling and servicing agreement ("PSA") among Banc of

6          America Funding Corporation and U.S. Bank.  Decl. of

7          Paula Pridemore ¶ 15.

8   14.    Concurrently with the formation of the Trust, Bank of

9          America, Banc of America Funding Corporation, U.S. Bank,

10         and Wells Fargo entered into an Assignment Assumption and

11         Recognition Agreement ("AARA") whereby Bank of America

12         transferred to Banc of America Funding Corporation all of

13         its right, title and interest in various mortgage loans,

14         including the Mortgage Loans Bank of America acquired

15         pursuant to the Purchase Agreement, Warranties and

16         Servicing Agreement, and ACA.  Decl. of Paula Pridemore

17         ¶ 16; Ex. H, Dckt. 129.

18   15.   Pursuant to the terms of the AARA and PSA, Banc of

19         America Funding corporation transferred to U.S. Bank on

20         behalf of the Trust all of its right, title and interest

21         in and to the mortgage loans Banc of America Funding

22         Corporation acquired under the AARA. Decl. of Paula

23         Pridemore ¶ 17; Ex. H, Dckt. 129.

24   16.   Wells Fargo has the contractual right and responsibility,

25         pursuant to the PSA, to service various mortgage loans

26         sold to the Trust, including the Buckskin Loan and Island

27         Loan.  Decl. of Paula Pridemore ¶ 18.

28   17.   As the loan servicer, Wells Fargo acts as an agent for

8

U.S. Bank and is generally responsible for the administration of the Buckskin Loan and Island Loan until the loans are paid in full, assigned to another creditor, or the servicing rights are transferred. Decl. of Paula Pridemore ¶ 19.

18. In the event of a default under the terms of the loans, Wells Fargo is authorized by U.S. Bank to enforce the terms of the Buckskin Deed of Trust and Island Deed of Trust. Decl. of Paula Pridemore ¶ 19.

19. On December 30, 2009, Plaintiff-Debtors filed this instant bankruptcy case under Chapter 13 of the Bankruptcy Code and were assigned case number 09-48497. Ex. A to Req. for J.N., Dckt. 128.

20. On January 12, 2010, Plaintiff-Debtors filed their Chapter 13 Plan ("Plan") wherein they classify the Buckskin Loan as a Class 1 secured claim in Sec. 3.09 of the Plan. Ex. B to Req. for J.N., Dckt. 128.

21. On January 26, 2010, a Proof of Claim was field on behalf of Bank of America with respect to the Buckskin Property ("Claim No. 1"). Ex. C to Req. for J.N., Dckt. 128.

22. On February 5, 2010, a Proof of Claim was filed on behalf of Bank of America with respect to the Island Property ("Claim No. 2"). Ex. D to Req. for J.N., Dckt. 128.

23. On June 1, 2010, Plaintiff-Debtors filed objections to the Proofs of Claim with respect to Claim No. 1 and Claim No. 2. Ex. E to Req. for J.N., Dckt. 128.

24. Plaintiff-Debtors' Objections were based upon the Declaration re: Chain of Title executed by Michelle

Sheppard wherein she states that Buckskin Note is specially indorsed to U.S. Bank, N.A. As Trustee of the Banc of America Funding 2007-C.  Ex. E to Req. for J.N., Dckt. 128.

25.  On July 30, 2010, the court entered orders sustaining Plaintiff-Debtors' Objections to Claim No. 1 and Claim No. 2.  Ex. F to Req. for J.N., Dckt. 128.

26.  On June 17, 2010, Proofs of Claim were filed on behalf of U.S. Bank, N.A. as trustee with respect to the Buckskin Loan ("Claim No. 4").  Ex. G to Req. for J.N., Dckt. 128.

27.  On June 17, 2010, Proofs of Claim were filed on behalf of U.S. Bank, N.A. as trustee with respect to the Island Loan ("Claim No. 5").  Ex. H to Req. for J.N., Dckt. 128.

28.  On August 9, 2010, Plaintiff-Debtors objected to Claim No. 4 and Claim No. 5.  Ex. I & J to Req. for J.N., Dckt. 128.

29.  On August 20, 2010, the court overruled Plaintiff-Debtors' Objections to Claim No. 4 and Claim No. 5, stating that the parties already have a separate adversary proceeding addressing the issue of ownership of the note and the correct party to assert rights thereunder in this case. Ex. K to Req. for J.N., Dckt. 128.

30.  On October 5, 2010, Plaintiff-Debtors filed their Fourth Amended Chapter 13 Plan wherein they proposed to make direct post-petition payments on the Buckskin Loan. The plan fails to provide for cure of any pre-petition arrears with respect to the loan. Ex. I to Req. for J.N.,

Dckt. 128.

31. The Fourth Amended Plan was confirmed on December 10, 2010. Ex. A to Req. for J.N., Dckt. 128.

32. Plaintiff-Debtors have failed to tender any post-petition payments on the account for the Buckskin Loan in the amount of $47,210.67 from January 1, 2010, through June 1, 2011, and on the account of the Island Loan in the amount of $44,00, 812.98 from January 1, 2010, through June 1, 2011. Decl. of Paula Pridemore ¶ 20.

33. On October 13, 2010, Plaintiff-Debtors filed a Motion for Rule 2004 Examination Order. Ex. A to Req. for J.N., Dckt. 128.

34. At the November 2, 2010, the court granted the Motion for 2004 Examination and issued a subpoena for the production of the documents by Defendant to substantiate its claims as a secured creditor of the Plaintiff-Debtors. Ex. A to Req. for J.N., Dckt. 128.

35. On or about December 9, 2010, U.S. Bank responded to the subpoena informing Plaintiff-Debtors to contact America's Servicing Company/Wells Fargo for the requested documents. Ex. N to Req. for J.N., Dckt. 128.

36. On or about January 3, 2011, Wells Fargo as the servicing agent for U.S. Bank filed a Declaration in Response to the Subpoena Duces Tecum. Ex. A to Req. for J.N., Dckt. 128.

37. On or about January 25, 2011, Plaintiff-Debtors filed a Motion to Compel Production of Documents. Ex. A to Req. for J.N., Dckt. 128.

38.   At the February 17, 2011 hearing, Defendants produced the
      original blue-ink notes for the Buckskin and Island
      properties, the original Island Deed of Trust, an
      executed and unredacted copy of the Purchased Agreement
      entered into by Wells Fargo and Bank of America, an
      executed and unredacted copy of the Warranties and
      Servicing Agreement entered into by Wells Fargo and Bank
      of America, an executed and unredacted copy of the ACA
      entered into by Wells Fargo and Bank of America with
      attached Mortgage Loan Schedule. Decl. Of Brian A. Paino
      ¶ 5.

39.   On February 2, 2010, Plaintiff-Debtors filed an Adversary
      Complaint for an Order to Reconvey Deed of Trust.  Ex. O
      to Req. for J.N., Dckt. 128.

40.   Subsequently, the Complaint was amended to include claims
      for Quiet Title, Rescission of Notice of Default, and
      Mandatory Settlement.  FAC, Dckt. 30.

41.   On or about November 12, 2010, a Notice of Rescission of
      Declaration of Default and Demand for Sale and of Notice
      of breach and Election to Cause Sale was recorded in the
      Official Records of Placer County.  Ex. Q to Req. for
      J.N., Dckt. 128.

**THE ADVERSARY PROCEEDING**

Plaintiff-Debtors filed their complaint on February 2, 2010,
asserting that Bank of America had submitted a proof of claim for
Plaintiff-Debtors' property commonly known as 3527 Buckskin Court,
Rocklin, California after they had they admitted they did not
possess the actual Note to the property. Plaintiff-Debtors based

1  their allegation on a letter they received from Bank of America's
2  Legal Processing Site after serving a subpoena on the CEO of Bank
3  of America to prove their ownership.  The letter stated that the
4  Los Angeles site would not produce the requested documents and that
5  the subpoena had been forwarded to Countrywide for production of
6  the documents.  Ex. A to the Compl.

7       In the Complaint, Plaintiff-Debtors sought an order requiring
8  Bank of America, N.A. to execute and record a deed of reconveyance
9  to clear title of the Buckskin property or, in the alternative, an
10 order requiring Bank of America to prove possession of original
11 negotiable instrument and standing to demand payment from
12 Plaintiff-Debtors.

13      Plaintiff-Debtors subsequently amended the Complaint following
14 a declaration by Michelle Sheppard, which stated that U.S. Bank,
15 N.A. was the actual holder of the note, joining U.S. Bank, N.A. as
16 a defendant.  Plaintiff-Debtors also amended their claims to
17 include (1) an order of quiet title removing Bank of America, N.A.
18 from the title of the property commonly known as 3527 Buckskin
19 Court, Roseville, California, as well as the property commonly
20 known as 900 Island Drive, #106, Rancho Mirage, California;
21 (2) rescission of the Declaration of Default issued on the Buckskin
22 Property; (3) and a mandatory settlement conference to be attended
23 by representatives from Wells Fargo Home Mortgage, Wells Fargo Home
24 Mortgage, Inc., Wells Fargo Bank, Bank of America, and U.S. Bank
25 and each entity's legal counsel to determine the actual holder of
26 the notes for both properties. This last claim arose out of
27 Plaintiff-Debtors' assertion that Pite Duncan, LLP has "purported"
28 to represent all five entities "at various times during current and

13

1   previous bankruptcy cases of Plaintiff-Debtors and has stated that
2   each one of these is the owner/possessor/servicer of the original
3   note."   FAC 2:16-20.

**ANALYSIS**

5   Federal Rule of Civil Procedure 56, made applicable to this
6   proceeding by Bankruptcy Rule 7056, provides that summary judgment
7   is  appropriate  if  the  pleadings,  depositions,  answers  to
8   interrogatories, admissions on file, and declarations, if any, show
9   that there is "no genuine issue of fact and that the moving party
10  is entitled to judgment as a matter of law."   "The initial burden
11  of showing the absence of a material factual issue is on the moving
12  party.   Once that burden is met, the opposing party must come
13  forward with specific facts, and not allegations, to show a genuine
14  factual issue remains for trial."   *DeHorney v. Bank of America*
15  *N.T.&S.A.*, 879 F.2d 459, 464 (9th Cir. 1989); *see also Celotex*
16  *Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986).

17  **I. Plaintiff-Debtors' Objection and Defendants' Response**

18  In both their Objection to Motion for Summary Judgment and
19  their  Supplement to the Objection, Plaintiff-Debtors argue that a
20  genuine dispute of material fact still exists in this proceeding
21  since Defendants have failed to provide a copy of two "Deeds of
22  Assignment" for each property that Plaintiff-Debtors claim brakes
23  the chain of title and clouds title to each of their properties.
24  Plaintiff-Debtors fail to name specifically which Defendant they
25  are referring to, U.S. Bank, N.A. or Bank of America, N.A.   The use
26  of the generic "defendant" makes it difficult to determine which
27  Defendant Plaintiff-Debtors are accusing of not having provided the
28  necessary documents.

14

1    Defendants, in their response, challenged Plaintiff-Debtors'
2  allegations, noting that Plaintiff-Debtors appear to ignore current
3  case law. Indeed, Plaintiff-Debtors' argument appears to be based
4  on a faulty premise.  Assignments of trust deeds do not need to be
5  recorded after every transfer of title. "The transfer of the note
6  carries with it the security, without any formal assignment or
7  delivery, or even mention of the latter. . . . The process is only
8  a mode of enforcing a lien." *Carpenter v. Longan*, 83 U.S. 271, 275
9  (1872) (stating the common-law rule).  Where the recording of the
10 assignment of the beneficial interest in the Deed of Trust is the
11 party that now owns the underlying Note, there is little reason to
12 believe that the assignment is not proper. *See Henley v. Hotaling*,
13 41 Cal. 22, 28 (1871) (holding the Note and Deed of Trust are
14 inseparable); *accord Seidell v. Tuxedo Land Co.*, 216 Cal. 165, 170
15 (1932); Cal. Civ. Code § 2936.

16    Plaintiff-Debtors' objection is also unclear as to where
17 exactly in the chain of title of either the Buckskin Property or
18 the Island Property the two Deeds of Assignment are allegedly
19 missing.  In fact, Plaintiff-Debtors provide no evidence that chain
20 of title has even been broken.  The chain of title outlined in the
21 Declaration made by Paula J. Pridemore and supported by exhibit
22 documents establish that Wells Fargo, the original lender,
23 transferred the Deed of Trust and Note to both the Buckskin
24 Property and the Island Property to Bank of America, N.A., pursuant
25 to a Purchase Agreement and an Assignment and Conveyance Agreement
26 entered into by both parties.  Ex. E and G to the Pridemore Decl.
27 Bank of America, N.A. then transferred those Deeds of Trust and
28 Notes to U.S. Bank, N.A. as trustee of the Banc of America Funding

2007-C Trust, pursuant to an Assignment, Assumption, and Recognition Agreement entered into by Bank of America, N.A., as assignor, Banc of America Funding Corporation, U.S. Bank, N.A., as assignee, and Wells Fargo Bank, N.A., as servicer.  Ex. H to the Pridemore Decl.

While Plaintiff-Debtors are correct that the parties purporting to exercise powers under the trust deed must be those named in the public record, *see* Cal. Civ. Code 2932.5; *see also Macklin v. Deutsche Bank Nat'l Trust Co. (In re Macklin)*, No. 11-2024-E, 2011 WL 2015520, *11, 2011 Bankr. LEXIS 1877, *34 (Bankr. E.D. Cal. May 19, 2011), this state-law requirement does not change the long-standing rule that the transfer of the note carries with it the beneficial interest in the trust deed or mortgage.

As U.S. Bank, N.A. has asserted ownership of the notes for the Buckskin and Island properties in the bankruptcy case and the established chain of title shows them to be the current holder of the notes, the court fails to see where chain of title was broken or clouded.  As Defendants contend in their response, Plaintiff-Debtors have failed to show that ownership of the notes is still a genuine issue of material fact.

At oral argument the Plaintiff-Debtors articulated the missing documents which they assert renders the Defendants' claim defective.  The Defendants produced the original documents at court at a prior hearing, which the Plaintiff-Debtors inspected.  No dispute exists as to the documents provided as exhibits or that there is a chain of title showing the transfer of the note from Wells Fargo Bank, N.A. to U.S. Bank, N.A. as Trustee.  What is contended is that the missing documents are recorded assignments of

deeds of trust from Bank of America, N.A. to subsequent transferees and ultimately U.S. Bank, N.A., as Trustee.  The Plaintiff-Debtors make a passionate argument that the real property records of the county do not reflect that the notes have been assigned, and that this renders the otherwise documented transfers of the Notes to U.S. Bank, N.A., as Trustee, invalid.

However, the Plaintiff-Debtors miss the point, focusing only on the recorded assignments of the Deed of Trust.  The key issue is who owns the Note, for which at this point there is no dispute. What has been clear in this case, and reaffirmed by the Plaintiff-Debtors at the hearing, is that they do not want to attempt a loan negotiation with the servicing agent for U.S. Bank, N.A., as Trustee — Wells Fargo Bank, N.A.  Though Wells Fargo Bank, N.A. has been identified throughout this case as the entity for the Plaintiff-Debtors to contact concerning a loan modification, the Plaintiff-Debtors stated at the hearing that they had not contacted Wells Fargo Bank, N.A. concerning any modification of the loans. This was explained as the Plaintiff-Debtors wanting to speak with the "true owner" of the Note rather than its agent.

## II. Quiet Title - First Cause of Action

One requirement for a quiet title claim is the assertion that plaintiffs are "the rightful owners of the property." *Kelley v. Mortgage Elec. Registration Sys.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009).  California law requires a debtor to assert a quiet title claim to tender payment the outstanding debt owed on the subject property to challenge the validity of the trust deed. *See Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 974 (N.D. Cal. 2010); *see also Shimpones v. Stickney*, 219 Cal. 637, 649

17

1   (1934) (in order to invoke the equitable powers of the court to
2   quiet title the plaintiff must do equity, which includes tendering
3   payment on the debt).

4        Plaintiff-Debtors do not assert in their First Amended
5   Complaint that they have paid or have the ability to pay the debt
6   owed on the subject properties, only that Defendant Bank of America
7   does not have a claim to the property.  However, the tender
8   requirement could be waived if ordering tender would be
9   inequitable. *See Standley v. Knapp*, 113 Cal. App. 91, 102 (1931);
10  *Humboldt Sav. Bank v. McCleverty*, 161 Cal. 285, 291 (1911); *see*
11  *also* 4 MILLER & STAR CALIFORNIA REAL ESTATE § 10:212 (3d ed.).  While
12  originally applied to foreclosure sales that were not properly
13  performed, it is reasonable to extend the exception to claims that
14  are fraudulently asserted as well. Therefore, to the extent that
15  Plaintiff-Debtors can show that Defendants are fraudulently
16  asserting interest in the notes, the fact that they did not tender
17  will not bar their claim of quiet title outright.

18       However, in the exhibits attached to their Motion for Summary
19  Judgment, Defendant U.S. Bank has successfully shown that they are
20  the current holders of the notes to both the Buckskin Property and
21  the Island Property.  They provided copies of the Purchase
22  Agreement which transferred the notes from Wells Fargo Bank, N.A.
23  to Bank of America, N.A. as well as the Assignment, Assumption, and
24  Recognition Agreement which then transferred the notes from Bank of
25  America, N.A. and U.S. Bank, N.A. as trustee for Banc of America
26  Funding C-2007 Trust.  Plaintiff-Debtors, on the other hand, have
27  failed to provide any evidence to dispute U.S. Bank, N.A.'s
28

18

ownership of the notes.[1]

The court has not been presented with any evidence contradicting the U.S. Bank, N.A., as Trustee, ownership of the Notes. There are no material issues of fact at dispute concerning these rights. Though U.S. Bank, N.A., as Trustee, may well have to "clean up" record title as to the beneficiary under the Deeds of Trust before it may attempt to proceed with nonjudicial foreclosure, the propriety or validity of a nonjudicial foreclosure sale is not now before the court. U.S. Bank, N.A., as Trustee, has established that it is the current owner of the Notes and as a matter of law is the beneficiary under the Deeds of Trust. Therefore, U.S. Bank is granted Summary Judgment as to the first cause of action.

Plaintiff-Debtors also bring their quiet title claim against Defendant Bank of America, N.A. yet it does not appear that this entity is asserting any interest in the Notes that need to be quieted. While Bank of America, N.A. filed proof of claims for the loans secured by the Buckskin and the Island Properties, those claims were subsequently disallowed by the court after Plaintiff-Debtors objected to them. Civ. Min. Orders, Bankr. E.D. Cal. No. 09-48497-E-13L, Dckts. 105 & 106. Also, U.S. Bank, N.A. has now effectively asserted and proven their interest in the notes and Bank of America, N.A. has not presented any evidence challenging

---

[1]   In this Adversary Proceeding, at a prior U.S. Bank, N.A. presented the Plaintiff-Debtors with the files containing the original documents bearing the Plaintiff-Debtors' signatures. These were inspected by the Plaintiff-Debtors in one of the court conference rooms.   No contention has been made that the copies of the documents provided to the court are not true and accurate copies of those originals.

1   said interest.   Therefore, based on the undisputed facts and the
2   admissions by Bank of America, N.A., the court determines that Bank
3   of America, N.A. does not have an interest in the Notes and Deeds
4   of Trust which secure the Notes, and Bank of America, N.A. is
5   entitled to summary judgment since Plaintiff-Debtors' cause of
6   action is moot.

7   **III. Rescission of Notice of Default - Second Cause of Action**

8        In their Motion for Summary Judgment, Defendants contend that
9    they rescinded the Declaration of Default issued on the Buckskin
10   Property after the commencement of this adversary proceeding.  They
11   requested that the court judicially notice their Notice of
12   Rescission (Exhibit P), but the provided document failed to show
13   that it had been properly recorded with the necessary county
14   recorder and was, therefore, not judicially noticed.  Because the
15   Plaintiff-Debtors are self-represented litigants, the court will
16   address the merits of this claim.

17       In their First Amended Complaint, Plaintiff-Debtors fail to
18   state which Defendant issued the Declaration of Default and,
19   therefore, fail to identify which Defendant they want to rescind
20   the Notice of Default.   The Complaint only requests that Pite
21   Duncan, LLP, Defendants' counsel, rescind the Declaration of
22   Default.  In any case, Plaintiff-Debtors fail to provide any reason
23   why the Declaration should be rescinded, whether it be because the
24   entity that issued it did not have ownership of the note or because
25   Plaintiff-Debtors were not in fact in default on the loan. They
26   just ask the court to order its rescission.   Rescission of a
27   Declaration of Default is appropriate when the default that
28   prompted the declaration has been cured.   *See* Cal. Civ. Code §

2924(c).

The court has not been presented with any evidence to support the contention that the Notice of Default should be rescinded. The Plaintiff-Debtors just request it, and contend that because notices of assignments have not been recorded the notice should be rescinded. In the Motion for Summary Judgment, U.S. Bank, N.A. states that the Notice of Default has been rescinded. Dckt. 83.

Given that U.S. Bank, N.A. represents that the December 26, 2008, Notice of Default for the Deed of Trust recorded against the 3527 Buckskin Court, Rocklin, California property has been ·rescinded, summary judgment is granted on this issue for the Defendants. U.S. Bank having so admitted, the judgment shall expressly state that the Notice of Default recorded on December 26, 2008, has been rescinded and of no legal or equitable force and effect.

Plaintiff-Debtors fail to state or provide evidence to show that they are current on the loan secured by the Buckskin Property. Therefore, Defendants are granted Summary Judgment as to the second cause of action.

**IV. Request for Mandatory Settlement Conference**

Though not set out as a separate cause of action, the Plaintiff-Debtors also request that the court order "a representative from Wells Fargo Home Mortgage, Wells Fargo Home Mortgage, Inc., Wells Fargo Bank, Bank of America, and U.S. Bank along with their own counsel from their bank's legal department (not counsel from Pite Duncan claiming representation for these entities to provide proof of actual ownership of the notes, proof of possession of the original notes, proof of standing to bring

21

actions in this case, and proof of contracts authorizing representation by Pite Duncan, LLP." FAC 3:13-21. The summary judgment motion does not address this request in the prayer.

The request in the prayer is not supported by any allegations in the Complaint for this relief. Fed. R. Civ. P. 7(a)(2)[2] requires that a complaint include a short plan statement of the claim showing that the pleader is entitled to the relief. Additionally, the complaint must include a demand for the relief sought. Fed. R. Civ. P. 7(a)(2). From reading the First Amended Complaint, the court concludes that a claim for relief in the form of ordering a settlement conference and discovery is not sought in the First Amended Complaint. This is interpreted as merely a statement that the Plaintiff-Debtors will proceed with discovery and settlement negotiations. The requested production of documents and attendance of parties is part of the common discovery provided in Federal Rules of Bankruptcy Procedure 7026 - 7036.

## CONCLUSION

Plaintiff-Debtors have failed to provide evidence putting any genuine issues of material fact in dispute for the court to determine. Defendants provided evidence to support U.S. Bank's claim that it was the current holder of the notes for both the Buckskin and the Island Property, which are indorsed in blank, and Plaintiff-Debtors failed to present arguments or provide evidence that contradicted this claim. Accordingly, as it relates to Plaintiff-Debtors' Quiet Title Claim, the motion is granted on its

---

[2] Federal Rule of Civil Procedure 7 is made applicable in adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7007.

1 | merits as to U.S. Bank, N.A. and granted as the claim is moot as to

2 | Bank of America, N.A.    As it relates to Plaintiff-Debtors'

3 | Rescission Claim, the motion is granted as to both Defendants.

4 | Dated: September 15, 2011

RONALD H. SARGIS, Judge
United States Bankruptcy Court

23

1

## CERTIFICATE OF MAILING

2      The undersigned deputy clerk in the office of the United
States Bankruptcy Court for the Eastern District of California
3  hereby certifies that the attached document(s) was served by mail
to the following entities listed at the address(es) shown below:

4

Service List:

5

Gary Duerner
6  3527 Buckskin Ct
Rocklin, CA 95677

7

Judy Duerner
8  3527 Buckskin Ct
Rocklin, CA 95677

9

Ellen Cha
10  4375 Jutland Dr., Suite 200
P.O. Box 17933
11  San Diego, CA 92177

12  David Cusick
PO Box 1858
13  Sacramento, CA 95812-1858

14  Office of the U.S. Trustee
Robert T Matsui United States Courthouse
15  501 I Street, Room 7-500
Sacramento, CA 95814

16

17

18

19

DATE:

20
                                                    Deputy Clerk

21

22

23

24

25

26

27

28